

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# USA v. Brightwell

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Brightwell" (2008). *2008 Decisions*. Paper 690.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/690

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4548
_____

UNITED STATES OF AMERICA

v.

RICHARD BRIGHTWELL,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 01-cr-00033)
District Judge:  Hon. R. Barclay Surrick

Submitted under Third Circuit LAR 34.1(a)
on April 11, 2008

Before:  SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed:   August 11, 2008)

## OPINION

**ROTH,** Circuit Judge:

Richard Brightwell appeals the orders of the U.S. District Court for the Eastern District of Pennsylvania, accepting documentation of a previous conviction for purposes of sentencing, denying his motion for appointment of counsel, and denying his motion requesting recusal. For the reasons discussed below, we will affirm.

## I. <u>Background and Procedural History</u>

As the facts are well known to the parties, we will discuss them only briefly here.

Following a jury trial in the U.S. District Court for the Eastern District of Pennsylvania, Richard Brightwell was convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Brightwell was initially sentenced in April 2003, but his sentence was vacated and the case remanded following *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Brightwell*, No. 03-2001, 126 Fed. Appx. 47 (3d Cir. Apr. 19, 2005).

A new sentencing hearing was held on October 13, 2006. The District Court sentenced Brightwell to 248 months imprisonment (188 months for the counts of cocaine possession and felon in possession of a firearm, to run concurrently, plus 60 months for the

count of possession of a firearm in furtherance of drug trafficking, to be served consecutively), three years of supervised release, a $17,500 fine, and a $300 special assessment.[1]  Brightwell appealed, alleging three errors.

Brightwell argues first that the District Court erred in determining that certain documentation was an authentic and certified copy of a record of his 1963 murder conviction. As a result of this conviction, the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), was applicable, triggering a fifteen-year mandatory minimum sentence for Brightwell's conviction of possession of a firearm as a felon.

Second, Brightwell claims that the District Court erred when it denied his second motion for appointment of counsel.[2]  In his motion, Brightwell stated that his relationship with counsel was "nil" and that "the trust factor is a problem."  The District Court denied this motion after questioning Brightwell, who indicated that he wanted a different attorney because his current counsel had merely adopted the arguments made by his previous counsel.

Third, Brightwell asserts that the District Court erred in denying his motion for recusal.  Brightwell offered ten grounds for his motion, including bias or prejudice within

---

[1]The term of imprisonment imposed following Brightwell's initial sentence was 322 months.

[2]Brightwell had previously moved for appointment of new counsel when represented by another attorney.  The District Court granted that attorney's motion to withdraw and appointed the attorney who is the subject of the motion at issue on appeal.

the meaning of 28 U.S.C. § 455.[3] The District Court denied Brightwell's motion as "completely frivolous."

## II. Analysis

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review each of Brightwell's points of error in turn.

We review the District Court's factual findings as to the authenticity of the purported record of conviction for clear error and its legal conclusions *de novo*. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). Brightwell's primary argument is that a deputy's signature is lacking on the 1963 sentence sheet. However, the documentation submitted to support the conviction, obtained at the District Court's request, was certified by the Clerk of the Superior Court of Fulton County as "a true, complete and correct copy of the original in said case, as

---

[3]Brightwell asserted that recusal was proper pursuant to 28 U.S.C. § 455 because 1) "disqualification of Judge due to bias and prejudice;" 2) the District Court allowed continuances that were incorrectly attributed to Brightwell; 3) the District Court whispered to the prosecutor that he thought that Brightwell was going to plead guilty; 4) at one point the District Court Judge and Brightwell's original attorney practiced in the same town; 5) the District Court informed Brightwell's co-defendant that his attorney could not represent him after the attorney testified on Brightwell's behalf at an evidentiary hearing; 6) the District Court Judge "went into the room where jurors was [*sic*] being held and selected the jurors that the defense and prosecutor could choose from;" 7) the Pre-Sentence Investigation Report indicated that the details regarding one previous offense were pending, but the District Court sentenced Brightwell anyway without investigation, thereby showing prejudice to Brightwell; 8) Brightwell thought that the District Court had not read the Pre-Sentence Investigation Report because it indicated that he had been sentenced for one of his earlier offenses only one month after being arrested.

appears by the original on file . . .", and Brightwell did not argue that he was not convicted of the 1963 crime. As such, we find no clear error in the District Court's determination that Brightwell had been convicted of murder in 1963, as evidenced by the certified copy of his conviction.

We review the District Court's denial of Brightwell's request for new counsel for abuse of discretion. *United States v. Goldberg*, 67 F.3d 1092, 1097 (3d Cir. 1995). "[I]n order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with his attorney." *United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982). The District Court is obliged to "decide if the reasons for the defendant's request for substitute counsel constitute good cause and are thus sufficiently substantial to justify a continuance . . . in order to allow new counsel to be obtained." *Id.* at 187. In *Welty*, we explained, "[T]he district court must engage in at least some inquiry as to the reason for the defendant's dissatisfaction with his existing attorney. . . . 'If the reasons are made known to the court, the court may rule without more.'" *Id.* at 187-88 (quoting *Brown v. United States*, 264 F.2d 363, 369 (D.C. Cir. 1959) (Burger, J., concurring in part)).

We reject Brightwell's argument that the District Court failed to meet its obligations in this case. In his motion, Brightwell claimed that his relationship with his attorney was "nil" and that "the trust factor [was] a problem." The District Court asked Brightwell at sentencing why he wanted his counsel removed, and Brightwell responded that his lawyer

5

had adopted the arguments of his previous counsel and had "none of his own." In this case, we cannot say that the District Court abused its discretion in determining that these reasons did not warrant the appointment of new counsel.

We review the District Court's denial of Brightwell's motion for recusal for abuse of discretion. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Brightwell sought recusal pursuant to 28 U.S.C. § 455, which provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[4] Brightwell makes only conclusory allegations as to bias or prejudice on the District Court's part. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that judicial rulings and remarks during the course of proceedings generally do not support a bias or partiality motion). The grounds cited by Brightwell in his motion do not suggest that the District Court's impartiality could reasonably be questioned. As such, we find no abuse of discretion in the District Court's denial of Brightwell's motion, and we decline Brightwell's request to remand the issue for further proceedings.

---

[4]In addition, 28 U.S.C. § 144 provides, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

## III. Conclusion

For the reasons set forth above, we will affirm the judgment and sentence of the District Court.