GLD-168                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4346
_____

WILLIAM KEISLING,
                                        Appellant

v.

JUDGE RICHARD K. RENN; JUDGE JOHN S. KENNEDY; JUDGE SHERYL ANN
DORNEY; JUDGE MARIA MUSTI COOK; J. ROBERT CHUK; PAMELA S. LEE;
RICK LEE; MEDIA NEWS GROUP; YORK DAILY RECORD; RUSSELL WANTZ;
SCHAAD DETECTIVE AGENCY; L.C. "LARRY" HEIM; KATHERMAN HEIM &
PERRY; COUNTY OF YORK, PENNSYLVANIA; YORK COUNTY JUDICIAL
DISTRICT COURT; NATIONAL CITY MORTGAGE COMPANY; DOREEN
WENTZ; PNC BANK; FREDDIE MAC; FEDERAL HOME LOAN MORTGAGE
CORP.; UDREN LAW FIRM; MARK J. UDREN; LOUIS A. SIMONI; ALAN M.
MINATO; JOHN DOE(S); RONALD CASTILLE; SUPREME COURT OF
PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-09-cv-02181)
District Judge: Honorable John E. Jones III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2011

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: May 2, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant William Keisling appeals the District Court's dismissal of his amended complaint. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Keisling filed a complaint under 42 U.S.C. § 1983 against numerous defendants,[1] alleging that he has worked for years at exposing the misconduct of officials in York County, and that as a result of this work, he has been subjected to unfair and retaliatory legal actions in which his rights have been repeatedly violated. Keisling's wide-ranging allegations focus primarily on three events: (1) a custody case, in which the York County Court of Common Pleas denied Keisling's application and granted custody of Keisling's daughter to the child's mother; (2) a foreclosure action on his home; and (3) a defamation

---

[1] Keisling has named the following defendants: Richard Renn, the president judge of the York County Court of Common Pleas; John S. Kennedy, Sheryl Ann Dorney, and Maria Musti Cook, judges on the York County Court of Common Pleas; J. Robert Chuk, the court administrator for the York County Court of Common Pleas; Pamela S. Lee, the prothonotary of the York County Court of Common Pleas; the York Daily Record, a newspaper; Rick Lee, a reporter for the York Daily Record; MediaNews Group, the owner of the York Daily Record; the Schaad Detective Agency; Russell Wantz, the owner of the Schaad Detective Agency; L.C. "Larry" Heim, an attorney; Ronald Castille, the chief justice of the Pennsylvania Supreme Court; Katherman, Heim and Perry, a law firm; the Supreme Court of Pennsylvania; the County of York; the York County Court of Common Pleas; National City Mortgage Company; Freddie Mac; Doreen Wentz, an agent for Freddie Mac; PNC Bank; Federal Home Loan Mortgage Corp.; Mark J. Udren, an attorney; the Udren Law Firm; Louis A. Simoni, an attorney; and Alan M. Minato, an attorney.

lawsuit filed against him concerning statements he made in his book The Midnight Ride of Jonathan Luna.

In two orders, the District Court adopted reports and recommendations from a magistrate judge and dismissed all of Keisling's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Keisling then filed a timely appeal.

We agree with the District Court that Keisling has failed to state a viable claim. As an initial matter, we will affirm the Court's conclusion that Judges Renn, Kennedy, Dorney, and Cook are protected by absolute immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Here, Keisling has alleged that the judicial defendants violated his rights by entering a series of orders against him. These are prototypical judicial acts, and the doctrine of judicial immunity therefore bars his claims. See Gallas v. Supreme Court, 211 F.3d 760, 770 (3d Cir. 2000). Keisling's allegations of corruption do not change this result. See, e.g., Dennis v. Sparks, 449 U.S. 24, 27- 28 (1980).

We likewise agree with the District Court's conclusion that Keisling's complaint fails to state a claim against a number of defendants because it does not allege that they "act[ed] under color of state law," as is required for a § 1983 action. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). This includes the defendants who filed the defamation action against him (Wantz; the Schaad Detective Agency; Heim; and Kathermanm, Heim and Perry), and the defendants who

3

filed the foreclosure action against him (National City Mortgage, PNC Bank, Wentz, Udren, the Udren Law Firm, Simoni, and Minato). See Dennis, 449 U.S. at 28 ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").[2]

The same analysis is fatal to Keisling's claims against the Media News Group, the York Daily Record, and Rick Lee. Keisling claims that Media News Group and the York Daily Record are government actors because they have entered into a joint operating agreement under the Newspaper Preservation Act, 15 U.S.C. §§ 1801-04, but that is not correct — the Act merely waives the antitrust laws as to participating newspapers; it does not render the newspapers an arm of the federal government. See § 1801 (observing that it is "[i]n the public interest of maintaining a newspaper press editorially and reportorially independent"). While Keisling makes bald, conclusory allegations that all of the private

_____

[2] During the foreclosure action, Federal Home Loan Mortgage Corp. ("Freddie Mac") was also a private actor (and thus not amenable to suit under § 1983). See Am. Bankers Mortgage Corp. v. Fed. Home Loan Mortgage Corp., 75 F.3d 1401, 1407-09 (9th Cir. 1996). It is true that in September 2008, Freddie Mac was placed under federal conservatorship. See, e.g., Stephen Labaton & Edmund L. Andrews, Mortgage Giants Taken Over by U.S., N.Y Times, Sept. 8, 2008, at A1. Even assuming that at this time Freddie Mac began acting under color of federal law, and construing Keisling's claim as arising under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the claim fails because Freddie Mac (under this assumption) is a government entity and not an individual government agent. See FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). Even more fundamentally, Keisling's allegations concerning the ejectment action (as to both Freddie Mac and the individuals who purportedly acted in concert with it) are entirely conclusory and fail to state a facially plausible claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

4

defendants were involved in a conspiracy with the judicial defendants, these allegations are insufficient to plead an unconstitutional conspiracy (or, concomitantly, to plead that the defendants therefore acted under color of state law). See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176-78 (3d Cir. 2010).

Nor did the District Court err in concluding that the Supreme Court of Pennsylvania and the York County Court of Common Pleas are entitled to immunity under the Eleventh Amendment. See, e.g., Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005). While states can waive their Eleventh Amendment immunity, see Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Pennsylvania has not done so, see 42 Pa. Cons. Stat. § 8521(b). Moreover, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983, the federal law under which Keisling proceeds. See Quern v. Jordan, 440 U.S. 332, 345 (1979).

Keisling's claim against York County likewise fails. A municipality can be liable under § 1983 only when its policy or custom causes a constitutional violation, see City of Canton v. Harris, 489 U.S. 378, 385 (1989), and Keisling has failed to allege any such policy or custom.

We will also affirm the District Court's dismissal of Keisling's claims against Pamela Lee and J. Robert Chuk. Keisling complains that Lee failed to notify him that a certain motion had been assigned to Judge Cook and that she issued a writ of possession, and that Chuk wrongly assigned a case to Judge Dorney. However, putting aside

5

Keisling's conclusory labels, he has failed to show that he possesses a plausible claim that these defendants acted inappropriately or otherwise violated his constitutional rights. See Iqbal, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." (internal quotation marks, alteration omitted)).

Finally, we agree with the District Court that Keisling has failed to state a claim against Chief Justice Castille. While Keisling was apparently offended by a speech that Chief Justice Castille made concerning the League of Women Voters, he has not shown that the speech violated his constitutional rights. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 & n.1 (1992) (providing that one of the elements of constitutional standing to bring suit is a concrete injury personal to the plaintiff).

Accordingly, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's orders dismissing Keisling's complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.