Edward H. FLINT, Plaintiff–Appellant,

v.

METLIFE INSURANCE COMPANY CONNECTICUT; Milliman, Inc.; Steve Beshear, Individual—Governor of Kentucky; Robert Vance, Individual—Secretary of Kentucky Public Protection Cabinet; Sharon Clark, Individual—Commissioner of Insurance Kentucky Department of Insurance; William J. Nold, Individual–Director of Health and Life Division Kentucky Department of Insurance; Sharron S. Burton, Individual—Counsel Kentucky Department of Insurance; Jane Does; John Does, Defendants–Appellees.

Nos. 11–5572, 11–5573.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2011.

484

Before: MERRITT, KETHLEDGE, and WHITE, Circuit Judges.

### ORDER

Edward H. Flint, a Kentucky resident proceeding pro se, appeals district-court orders dismissing his civil complaint and denying his motion for recusal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Flint sued MetLife Insurance Company (MetLife), Milliman, Inc. (Milliman), and numerous Kentucky state officials, claiming that: 1) MetLife fraudulently applied for and obtained a premium-rate increase for his long-term-care insurance policy; 2) Milliman, acting as MetLife's agent, provided the Kentucky Department of Insurance (DOI) with inaccurate and misleading information in order to secure an improper rate increase; 3) MetLife was not licensed to sell insurance in Kentucky; and 4) the state defendants breached their fiduciary duty to protect the citizens of Kentucky by granting MetLife's request for the premium-rate increase. Thereafter, Flint filed a motion asking that Judge Heyburn recuse himself, claiming that the judge was biased against him based on rulings in a prior case. Judge Heyburn denied the motion, concluding that his ruling in a prior case was an insufficient basis to establish prejudice.

The state defendants filed a motion to dismiss, arguing, inter alia, that Flint's claims were barred by Eleventh Amendment immunity. MetLife filed a motion to dismiss, asserting that Flint's claims were barred by the "filed rate doctrine" and relevant case law, that there was no breach of contract because the insurance policy explicitly provided for rate increases, and that it was licensed to sell insurance in Kentucky. Milliman also filed a motion to dismiss, arguing, inter alia, that Flint's claims were barred by the "filed rate doctrine."

Judge Heyburn granted the defendants' motions to dismiss, concluding that: 1) the "filed rate doctrine" barred Flint's claims against MetLife and Milliman, and his fraud and breach of contract claims against MetLife failed because his insurance policy explicitly authorized MetLife to raise premium rates on a class-wide basis; and 2) Eleventh Amendment immunity barred Flint's claims against the state defendants in their official capacities, and 3) Flint did not, in any event, make any specific allegations indicating that these defendants violated state law. Flint has filed a timely appeal. (Case No. 11–5572). Judge Heyburn also denied Flint's motion for reconsideration of the order denying Flint's request that the judge recuse himself. Again, Flint timely appealed. (Case No. 11–5573).

On appeal, Flint reasserts his arguments that Judge Heyburn exhibited bias against him by improperly obtaining control over his prior cases in violation of court rules concerning the transfer of cases, retaliated

against him for filing law suits against certain people or companies with whom the judge has associations, and expressed his bias by dismissing Flint's prior law suits "with prejudice." Flint also argues that Judge Heyburn erred by granting defendants' motions to dismiss the instant law suit because: 1) he did not cite any authority to support his finding that the "filed rate doctrine" barred Flint's claims against MetLife and Milliman; 2) Milliman violated his rights by providing inaccurate and misleading information to the Ky DOI; and 3) the state defendants failed to faithfully execute the laws of Kentucky by improperly granting rate increases to MetLife without conducting a proper analysis of his long-term-care policy to determine if a premium-rate increase was appropriate. Flint also argues that the district court failed to address all of his allegations, including the allegation that MetLife improperly sold insurance in Kentucky without a license.

We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See Benzon v. Morgan Stanley Distribs., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In considering a motion to dismiss under Rule 12(b)(6), we "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir.2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129

S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

■ The district court properly concluded that the "filed rate doctrine" bars Flint's claims against MetLife and Milliman. "Simply stated, the doctrine holds that any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by the ratepayers." *Wegoland Ltd. v. NYNEX Corp.,* 27 F.3d 17, 19 (2d Cir.1994). Although the filed-rate doctrine originated in the context of challenges to rates filed with federal agencies, "most states have adopted the filed rate doctrine, and many apply it to insurance regulation," *see Schermer v. State Farm Fire & Cas. Co.,* 721 N.W.2d 307, 313 (Minn.2006), including Kentucky, which has applied the doctrine for insurance rates filed with the Kentucky DOI. *Commonwealth ex rel. Chandler v. Anthem Ins. Cos.,* 8 S.W.3d 48, 52–53 (Ky.Ct. App.1999). Allegations of fraudulent conduct provide no exception to the applicability of the filed-rate doctrine. *Chandler,* 8 S.W.3d at 53.

■ MetLife submitted a copy of its March 30, 2010, application for a rate increase from the Kentucky DOI, and a copy of the DOI's approval of a 7% rate increase. Because MetLife applied for the challenged rate increase, Flint's attempt to collaterally attack the increase, as well as his argument that MetLife fraudulently obtained the rate increase, are barred by the filed-rate doctrine. Although the district court did not specifically cite to the relevant case law, the district court reviewed the defendants' motions to dismiss and clearly relied on the applicable case law cited therein. Furthermore, Flint's continued conclusory argument that MetLife did not properly apply for the premium rate increase and that the state defendants did not properly approve MetLife's

application is belied by the record. MetLife submitted proof of its application for a rate increase and the subsequent approval by the DOI. Finally, Flint cannot state a claim that MetLife breached its contract with him by seeking the rate increase, because the policy explicitly provided for premium rate increases.

■ The district court also properly dismissed the state defendants. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir.2008) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). "The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued." *Grinter*, 532 F.3d at 572. Insofar as Flint seeks monetary relief, his claim is barred by the state defendants' Eleventh Amendment immunity. *See Will*, 491 U.S. at 71, 109 S.Ct. 2304. Insofar as he seeks injunctive relief, Flint failed to allege specific facts indicating that the defendants violated Kentucky law when they approved MetLife's request for a premium-rate increase.

Contrary to Flint's arguments, the district court considered and dismissed all of his claims against the defendants. Although the district court did not specifically address his claim that MetLife was licensed to sell insurance in Kentucky, the district court clearly considered the attachments to MetLife's motion to dismiss, one of which reflects that MetLife is indeed licensed to sell insurance in Kentucky. Therefore, this claim was impliedly dismissed when the district court dismissed Flint's complaint in its entirety.

■ Flint has not established that Judge Heyburn should have recused himself from the presiding over Flint's law suit. A district judge's denial of a motion to recuse is reviewed for abuse of discretion. *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir.2009). To justify recusal, the judge's prejudice or bias must be personal or extrajudicial. *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir.2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir.1999)).

Flint argues that Judge Heyburn is retaliating against him for a prior law suit filed against the judge by improperly assuming control over his cases in order to ensure that Flint does not prevail in any law suit against certain people or companies with whom the judge has associations. He also argues that Judge Heyburn has proven his bias against Flint by dismissing Flint's prior law suits "with prejudice." However, the fact that Flint had previously sued Judge Heyburn did not require his recusal. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir.2006). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see also Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir.2006). Flint has provided nothing more than conclusory allegations to support his claim that Judge Heyburn is biased against him. Although Flint argues that Judge Heyburn's use of the words "with prejudice" in his prior dismissals establishes that the judge was prejudiced against him, the judge used the words "with prejudice" as a term of art indicating that he addressed the complaint on its merits, not that he was literally prejudiced against Flint.

Accordingly, we affirm the district court's orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit.