**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4749
_____

ANTHONY CURTIS BEAVER,

         Appellant

v.

UNION COUNTY PENNSYLVANIA;
THE HONORABLE LOUISE O. KNIGHT;
NORTHUMBERLAND COUNTY PRISON;
BRIAN W. ULMER; EDWARD J. RYMSZA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:13-cv-02542)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 10, 2015

Before: GREENAWAY, JR., SCIRICA, and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 28, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Anthony Curtis Beaver filed suit pro se and in forma pauperis against Union County, Pennsylvania; a state judge in that county; the Chief Public Defender of Union County; an assistant public defender for the county; and Northumberland County Prison.[1] He alleged that he did not get proper medical care in prison. He also complained about his treatment by the presiding judge and his representation by the public defenders in a criminal matter.

A Magistrate Judge considered Beaver's complaint and concluded that he had failed to state a claim against Union County; that Northumberland County Prison was not subject to suit under 42 U.S.C. § 1983;[2] that the judicial defendant was immune from suit; and that the public defenders were not state actors subject to suit under 42 U.S.C. § 1983. The Magistrate Judge granted Beaver leave to amend the complaint to state a claim against Union County and any appropriate individuals in Northumberland County Prison (the Magistrate Judge concluded that amendment was otherwise futile). The Magistrate Judge recommended dismissing the action if Beaver did not file an amended complaint.

---

constitute binding precedent.

[1] He stated that the District Court had federal question jurisdiction over his case, but he also cited 28 U.S.C. § 1332 (which governs diversity jurisdiction).

[2] In making this determination, the Magistrate Judge set forth the standard and explained what Beaver would have to allege to state a claim for lack of medical care.

Beaver submitted two documents to serve as his amended complaint (as well as a motion for appointment of counsel). Again naming Northumberland County Prison as a defendant, Beaver alleged in the first document that he did not get treatment for his medical conditions when he was there in 2007 and 2008. In the second document, he named Northumberland County Prison as the defendant (and included a summary of his allegations relating to a lack of medical care), but he also sought $2,000,000 in damages from the state court judge who presided over his criminal action. He alleged that she caused him to suffer injuries in prison because she had no "right to hold [him] outside . . . his rights . . . and ma[d]e up her own Laws and Court Proceedings" and because she was "a man hater" who committed "a hate crime against [him] and his Diseases." Beaver also sought appointment of counsel. With the counsel motion, he included a document in which he repeated his allegations against the Chief Public Defender.

The Magistrate Judge issued a report and recommendation. She concluded that Beaver again failed to state a claim upon which relief could be granted. She repeated that Northumberland Prison was not a proper defendant in a § 1983 action, that the state court judge was immune from suit, and the Chief Public Defender was not a state actor subject to suit under § 1983.[3] The Magistrate Judge further concluded that amendment was futile and that appointment of counsel was inappropriate. The Magistrate Judge notified

---

[3] As to the lawyer, the Magistrate Judge further noted that she had not granted Beaver leave to amend as to claims against him.

3

Beaver that he could file objections to the report and recommendation and that his failure to do so may constitute a waiver of appellate rights.

On the same day that the Magistrate Judge ruled and shortly thereafter, the District Court received two more documents that Beaver had signed and dated before the report and recommendation issued. In the filings (apparently, further amendments), Beaver presented allegations about his other public defender in his criminal matter and appeared to claim that the state court judge and his counsel were in a sort of collusion (that is, they "co-horded" [sic]).

The District Court liberally construed the two filings as objections and concluded they did nothing to cure the deficiencies in the amended complaint. The District Court therefore adopted the report and recommendation in its entirety, dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1), and denied appointment of counsel. Beaver appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Beaver's claims.[4] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend and the denial of appointment of counsel for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004); see

---

[4] We apply this standard of review despite our doubts that Beaver intended the two filings that the District Court treated as objections to be his objections (especially given when they were signed). Because of his apparent failure to file true objections after he was notified of his obligation to do so, he may instead be entitled to review for plain error at best. See Leyva v. Williams, 504 F.3d 357, 364-65 (3d Cir. 2007). Nonetheless, the

Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993). We may affirm on any basis supported by the record. See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

Upon review, we will affirm. The District Court properly dismissed Beaver's claims. Beaver did not state a claim against the county. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). The prison may not be considered a "person" subject to suit under 42 U.S.C. § 1983.[5] See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). The state court judge was immune from suit for the acts that Beaver described, namely her rulings in his criminal proceedings. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts.") Also, Beaver did not state a claim against either of the public defenders because they were not state actors for purposes of § 1983.[6] See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

---

outcome is the same even under the more generous standard.

[5] Although Beaver asserts that his claims were just "swept . . . under the carpet," the Magistrate Judge described in detail how Beaver could present his claims in a way that a court could consider them.

[6] To the extent that Beaver sought to bring claims against the public defenders under state law, the District Court did not err in declining to hear the claims where no federal claim remained. See 28 U.S.C. § 1367(c); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

Also, the District Court did not abuse its discretion in denying leave to amend on the basis of futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). Beaver, in his filings that constituted his amended complaint, had not been able to correct the deficiencies identified in his original complaint. The District Court also did not abuse its discretion in denying appointment of counsel.

For these reasons, we will affirm the District Court's judgment.