**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3267
_____

ROBERT JACOBSEN;
CAROL JACOBSEN,
Appellants

v.

CITI MORTGAGE INC, (NJ); CITI INC, (NJ);  CITI MORTGAGE, (NJ);
FEDERAL COURT DISTRICT MERCER COUNTY NEW JERSEY;
FEDERAL COURT DISTRICT CAMDEN COUNTY NEW JERSEY;
CLERK OF COURT MERCER COUNTY NEW JERSEY;
CLERK OF COURT CAMDEN COUNTY NEW JERSEY;
CITI MORTGAGE ARIZONA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-01555)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2018

Before: JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 20, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellants Robert and Carol Jacobsen appeal from the District Court's orders dismissing their complaint for lack of subject matter jurisdiction, and denying their motions for recusal. For the reasons discussed below, we will affirm.

I.

In March 2017, the Jacobsens filed a complaint relating to their property at 49 Bay Way, Brick, NJ. They alleged that "Citi Mortgage utilized laches [and] dilatory practices to avoid re-financing" two mortgages on the property. The Jacobsens sought an order to "stop the foreclosure F38639-14," referring to the New Jersey state court docket number of a foreclosure action. In that action, the state court entered summary judgment against the Jacobsens in 2015, and entered a writ of execution on their property in April 2016.[1]

Shortly after filing their complaint in the District Court, the Jacobsens filed their first of several motions for summary judgment. After the District Court denied the first two motions for summary judgment, the Jacobsens filed motions to recuse District Judge Michael A. Shipp and Magistrate Judge Tonianne J. Bongiovanni. The Jacobsens did not make any allegations or arguments regarding the District Court's bias. Instead, they argued that the District Court's rulings in other cases were incorrect on the merits.

---

[1] To the extent necessary, we take judicial notice of these facts. See CitiMortgage Inc. v. Robert C. Jacobsen, et al., Docket No. F-038639-14 (N.J. Super. Ct. Ch. Div. 2014); In re Indian Palms Assoc., Ltd., 61 F.3d 197, 205–06 (3d Cir. 1995) ("Judicial notice may be taken at any stage of the proceeding, including on appeal") (citations omitted); Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) ("A court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute ... [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

The District Court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), finding that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine, which prohibits lower federal courts from exercising subject matter jurisdiction in certain cases already heard in state court. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The District Court also denied the Jacobsens' motions for recusal as meritless, and denied their remaining motions as either moot or meritless. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review questions of subject matter jurisdiction de novo. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163–64 (3d Cir. 2010). "In an appeal from a grant of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir.2006) (internal citations and quotations omitted). We review a District Court's denial of a motion for recusal for abuse of discretion. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006).

III.

We agree with the District Court's determination that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine. That doctrine deprives lower federal courts of subject matter jurisdiction over claims where: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court

3

judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western, 615 F.3d at 166 (alterations in original) (quoting Exxon Mobil, 544 U.S. at 284).

Here, the New Jersey state court entered a judgment against the Jacobsens in the foreclosure action; the Jacobsens argue that they were injured by this judgment; the state foreclosure action preceded this federal action; and the Jacobsens explicitly asked the District Court to overrule the state-court judgment. Accordingly, the District Court lacked subject matter jurisdiction under the Rooker-Feldman doctrine. See In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (Rooker-Feldman doctrine barred claims that would negate state court judgment in foreclosure action).

We also agree with the District Court's determination that the motions for recusal were meritless. The Jacobsens failed to make any credible allegations that the District Court was biased. The Jacobsens' argument relied almost exclusively on the adverse rulings by the District Court in this case and in prior cases. Adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994). The Jacobsens have not established that a reasonable person would conclude that the District Court's impartiality might be questioned, and the District Court properly denied their motions for recusal. See 28 U.S.C. §§ 144, 455; U.S. v. Ciavarella, 716 F.3d 705, 719 (3d Cir. 2013).

Accordingly, we will affirm the judgment of the District Court. Appellants' pending motions are denied.