

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# Azubuko v. Royal

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4584

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Azubuko v. Royal" (2006). *2006 Decisions.* Paper 1397.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1397

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-142

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4584
_____

CHUKWUMA E. AZUBUKO

v.

JUDGE C. ASHLEY ROYAL
IN OFFICIAL AND INDIVIDUAL CAPACITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-3821)
District Judge: Honorable Faith S. Hochberg

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 24, 2006

Before: SLOVITER, MCKEE AND FISHER, CIRCUIT JUDGES

(Filed March 22, 2006 )

_____

OPINION
_____

PER CURIAM

Chukwuma Azubuko appeals from the District Court's order dismissing his

complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). Because we determine that the

appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C.
§ 1915(e)(2)(B).

This case grows out of two lawsuits that Azubuko, a resident of Boston, Massachusetts, filed in the United States District Court for the Middle District of Georgia. Both lawsuits, one challenging the cancellation of his credit card and the other against the Suffolk County Sheriff in Massachusetts, were dismissed. Judge Royal presided over both cases.

On August 1, 2005, Azubuko filed what appears to be a civil rights action against Judge Royal in the United States District Court for the District of New Jersey.[1] He seeks fifteen million dollars in damages, the reversal of the two cases, and an injunction preventing the Judge Royal from presiding over any future cases. On September 7, 2005, the District Court granted Azubuko's motion to proceed in forma pauperis and ordered that he file an amended complaint within 10 days that set forth a short and plain statement of his claim. Instead of amending his complaint, Azubuko filed a motion for recusal. On September 29, 2005, the District Court dismissed the complaint and denied his motion.

Azubuko timely filed a notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Azubuko leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28

---

[1]Azubuko's filings are, to be charitable, confusing. Construing his pleadings liberally, we are led to conclude that he is filing an action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  We may affirm the District Court on any ground supported by the record.  Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999).  We review a District Court's denial of a motion for recusal for abuse of discretion.  Johnson v. Trueblood, 629 F.2d 287, 290 (3d Cir. 1980).

A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.  Mireles v. Waco, 502 U.S. 9, 12 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted).  All of the allegations in Azubuko's complaint relate to actions taken by Judge Royal in his capacity as a judge.  Azubuko has not set forth any facts that would show that Judge Royal's actions were taken in clear absence of his jurisdiction.

Azubuko's request for injunctive relief is also unavailing.  In 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)

(explaining that the amendment applies to both state and federal judges); see also Mullis v. United States Bankr. Court for the Dist. of Nev., 828 F.2d 1385 (9th Cir. 1987); Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n.5 (1993) (noting that the rules regarding judicial immunity do not distinguish between lawsuits brought against state officials and those brought against federal officials).  Because Azubuko has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by Azubuko does not address the actions of Judge Royal other than in his judicial capacity, his claim for injunctive relief is barred.

Further, the District Court did not abuse its discretion in denying Azubuko's motion for recusal.  Azubuko, in his motion, claims that Judge Hochberg should withdraw from his case because "[t]here existed a conflict of interest.  The Plaintiff had a lawsuit pending against her."  However, the mere fact that Judge Hochberg may be one of the numerous federal judges that Azubuko has filed suit against is not sufficient to establish that her recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a).[2]  See In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) ("[A] per se rule of disqualification [under § 455(a)] would allow litigants to judge shop by filing a suit against the presiding judge."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified [under § 144] by a litigant's suit or threatened suit against him.")

---

[2]In addition to the current suit against Judge Royal, Azubuko also brought a nearly identical suit in the District of Delaware against a District Judge for the District of Massachusetts.  Azubuko v. Judge Pattis S. Saris, No. 05-4156 (3d Cir. Jan. 20, 2006).

4

In sum, we readily conclude that the District Court correctly dismissed Azubuko's complaint. Because his appeal also lacks merit, we will dismiss it under § 1915(e)(2)(B).