Sidney Jackson SAMPSON, Appellant,

v.

Thomas H. XAVIOS, District Justice; Phyllis J. Kowalski, District Justice; John Doe a/k/a Constable; Commonwealth District Attorney's Office; Berks County.

No. 07–1890.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Sept. 20, 2007.

Filed: Oct. 17, 2007.

---

Sidney Jackson Sampson, Philadelphia, PA, pro se.

Mary E. Butler, Philadelphia, PA, Matthew J. Connell, Holsten & Associates, Media, PA, for Thomas H. Xavios, et al.

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Sidney Jackson Sampson, proceeding pro se and *in forma pauperis*, appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights complaint. Because the appeal lacks an arguable basis in law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Sampson filed suit under 42 U.S.C. § 1983 against Judges Thomas H. Xavios and Phyllis J. Kowalski ("judicial defendants"); Berks County, Pennsylvania; and *John Doe*, an unknown county official. Sampson alleges in his second amended complaint that he was illegally arrested on several occasions over a seven-year period and that these arrests were ordered by the judicial defendants for the purpose of harassing him. Sampson claims that the defendants violated his rights under the Sixth, Eighth, and Fourteenth Amendments, and he requests declaratory, monetary, and injunctive relief. Berks County and the judicial defendants filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted. The District Court granted the motions to dismiss, and Sampson now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We agree with the District Court that the claims for money damages against the judicial defendants are barred by the doctrine of absolute judicial immunity. Nothing in the complaint suggests that the judicial defendants were acting in a non-judicial capacity or in the complete absence of jurisdiction when they engaged in the alleged misconduct. *See Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000). Moreover, Sampson has not shown a basis for granting injunctive relief as to the judicial defendants. *See* 42 U.S.C. § 1983; *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir.2006). We also agree with the District Court that Sampson has not shown grounds for holding Berks County liable under § 1983, as the pleadings do not set forth facts showing that the alleged constitutional violations are attributable to an official county policy or custom. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583–85 (3d Cir.2003).

For the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).