**CLD-080**                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4298
_____

JOSEPH ARUANNO,
Appellant

v.

DENNIS CAVANAUGH;
STEVEN JOHNSON;
JOHN/JANE DOES 1-20
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-5778)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 31, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Joseph Aruanno appeals an order of the United States District Court for the District of New Jersey dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). We will affirm the District Court's judgment.

## I.

Aruanno, who is civilly confined at the Special Treatment Unit ("STU") in Kearney, New Jersey pursuant to the New Jersey Sexually Violent Predators Act ("SVPA"), filed a pro se complaint against the Honorable Dennis Cavanaugh of the United States District Court for the District of New Jersey; Steven Johnson, Assistant Superintendent of the STU; and John and Jane Doe Defendants.[1] He also filed a motion for leave to proceed in forma pauperis ("IFP").

In his complaint, Aruanno alleged that his civil rights had been violated as a result of Judge Cavanaugh's conduct and judicial rulings in an unrelated civil case pending in the District Court, Alves v. Ferguson, Civil No. 01-0789 (DMC) (filed February 15, 2001). Aruanno is one of several consolidated plaintiffs in that case. Aruanno's complaint did not allege any facts describing any wrongdoing by Steven Johnson.

---

[1] The District Court characterized Aruanno's entire complaint as a 42 U.S.C. § 1983 action. Because Judge Cavanaugh is a federal employee, that claim should have been construed as arising under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).

By order entered November 15, 2011, the District Court granted the IFP motion but dismissed the complaint under § 1915(e)(2)(B), concluding that it failed to state a claim upon which relief may be granted. This appeal followed.

II.

We have jurisdiction under 26 U.S.C. § 1291. Our review of a District Court's sua sponte dismissal of a complaint for failure to state a claim is plenary, requiring us to draw all reasonable inferences therefrom in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). On review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that Aruanno's claims for damages against Judge Cavanaugh are barred by judicial immunity. See Azubuko v. v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duty has absolute immunity from suit and will not be liable for his judicial acts."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Indeed, the doctrine of judicial immunity applies even to allegations of malice or corruption. See Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Because none of Judge Cavanaugh's actions at issue in the complaint was taken outside of his judicial capacity, we agree with

3

the District Court that Aruanno's claims for damages against Judge Cavanaugh are subject to dismissal. We further agree that Aruanno did not demonstrate any basis for granting injunctive relief. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006).

The District Court also properly dismissed the complaint as to Defendant Johnson. Aruanno did not allege that Johnson had any personal involvement in the alleged denial of his constitutional rights and we have consistently held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Ordinarily, a District Court should not sua sponte dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim without providing the plaintiff an opportunity to amend his complaint. As it appears that amendment would be futile, we conclude that the District Court did not err in declining to afford Aruanno leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

As this appeal does not raise a substantial question, we will affirm the judgment of the District Court. See Third Cir. LAR 27.4; I.O.P. 10.6.

4