**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1298
_____

ISAAC NARANJO,
                                    Appellant

v.

CITY OF PHILADELPHIA; DISTRICT ATTORNEY PHILADELPHIA; PUBLIC
DEFENDER OFFICE OF PHILADELPHIA COUNTY; GEORGEANNE V. DAHER,
is a Judge of the Court Municipal of Philadelphia County and presided the
preliminary hearing of February 15, 2002 in Rm. 906; FLO MESSIER, is an
Attorney from the Public Defender Office of Philadelphia County and was in
the preliminary hearing of February 15, 2002, apparently, representing
plaintiff case; JENNIFER BRETSCHNEIDER, is A.D.A. of  Philadelphia County,
was counsel for the commonwealth in plaintiff trial; DAVID SANTEE, is an
Attorney from the Public Defender Office of Philadelphia County and who
represent plaintiff in trial; JEFFREY AZZARANO, is an Attorney from the
Public Defender Office of Philadelphia County; DENNIST KELLY, is or was a
Deputy of the Public Defender Office of Philadelphia County; ANDREW GAY,
is an Attorney from the Public Defender Office of Philadelphia County;
RAYFORD A. MEANS, is a Judge from the Court of Common Pleas of Philadelphia
County; ELAYNE C. BRYN, who was appointed to represent plaintiff in his
PCRA Petition, Bar No. 051050; CORREALE STEVENS, is a President Judge
from the Pennsylvania Superior Court; MARY JANE BOWES, is a Judge from
the Pennsylvania Superior Court; JAMES J. FITZGERALD, III, is a Justice from
the Pennsylvania Superior Court
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-07260)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: September 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

Isaac Naranjo, a Pennsylvania inmate proceeding pro se and in forma pauperis,

appeals from the District Court's order dismissing his 42 U.S.C. § 1983 complaint.  For

the reasons set forth below, we will summarily affirm.

## I.

Naranjo's action arises out of his 2003 criminal conviction for aggravated assault,

criminal trespass, terroristic threats, simple assault, contempt of court, and attempted

murder.  He contends that he was not charged initially or ever for some of these offenses,

that some of the charges were dismissed, and that the defendants knew about this and

conspired against him to violate his constitutional rights.  The defendants include the City

of Philadelphia; the District Attorney of Philadelphia and an assistant district attorney;

the Public Defender of Philadelphia, several public defenders, and court-appointed post-

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

conviction counsel; and numerous judges. He seeks declaratory relief, damages, and immediate release from prison.

Pursuant to its screening obligations under 28 U.S.C. § 1915, the District Court dismissed Naranjo's complaint as frivolous. The District Court did not grant Naranjo leave to amend because it found that amendment would be futile. Naranjo timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal order is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court correctly concluded that prosecutors and judges are immune from damages claims arising from their official acts. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) ("[I]n initiating a prosecution and presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983"); Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Moreover, to the extent Naranjo seeks damages for his allegedly

unlawful conviction and incarceration, he must first allege that the conviction or sentence has been reversed, expunged, declared invalid, or called into question, which he failed to do. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Indeed, Naranjo alleges that he is still incarcerated for these crimes and that his efforts to overturn his conviction were unsuccessful. Dismissal of his damages claims against the judges and prosecutors was therefore proper.

As to his requests for preliminary and permanent injunctions, judges are generally immune from claims under § 1983 for injunctive relief. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006). Prosecutors do not share this immunity, see Supreme Court of Va. v. Consumers Union of the U.S., 446 U.S. 719, 736 (1980), but Naranjo's requests for injunctive relief are nonetheless flawed. He seeks immediate release from prison, but he cannot obtain this relief via a § 1983 complaint; rather, he must file a petition for a writ of habeas corpus. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (holding that "whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition"). Naranjo also requests that the Court suspend the defendants' licenses and jobs, but even if they violated his rights in the past, he does not allege any reason to believe that he might suffer such treatment in the future. This claim for injunctive relief

is thus purely speculative and does not present a "case or controversy" under Article III. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-110 (1983).[1]

The District Court also correctly concluded that the public defenders and court-appointed counsel were not subject to suit under § 1983. See Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982) (holding that "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983"), abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992). As to the City of Philadelphia, dismissal was proper because a municipality cannot be held liable pursuant to a respondeat superior theory under § 1983, and Naranjo failed to allege that the City had a policy, custom, or practice that led to the alleged constitutional violations. See Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (citing Monell v. Dep't of Soc. Servs, 436 U.S. 658, 694-95 (1978)). .

Because the defendants are either not capable of being sued or Naranjo's claims against them are legally flawed, the District Court correctly concluded that amendment of Naranjo's complaint would be futile. See Fletcher-Harlee Corp. v. Pote Concrete

---

[1] Naranjo's claim for declaratory relief is similarly flawed. He seeks a declaration that the defendants violated his constitutional rights, but a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) (citing Lyons, 461 U.S. at 102-03). Naranjo does not allege that he will be subject to the alleged conduct in the future, and, in any event, even if the defendants violated his rights in the past, he is not entitled to a declaration to that effect. See Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987).

Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, the District Court properly dismissed the complaint without granting leave to amend.

## III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.