BLD-149                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1376
_____

IN RE:  DIANE R. GOCHIN,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2-16-cv-05359)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 15, 2018

Before: RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: March 20, 2018)
_____

OPINION*
_____

PER CURIAM

    Diane R. Gochin, proceeding pro se, has filed a petition for a writ of mandamus

seeking the disqualification of United States District Judge Paul S. Diamond and United

States Circuit Judge Thomas I. Vanaskie.  For the reasons that follow, we will deny the

mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2016, Gochin filed a complaint in the District Court against various attorneys and judges. The defendants were involved in her divorce proceedings and a subsequent abuse-of-process lawsuit that Gochin filed in state court. During the course of the District Court case, Gochin moved for recusal of the District Court Judge, Paul S. Diamond. The District Court denied the motion for recusal in February 2017, and dismissed the case in May 2017.

Gochin then appealed to this Court. On appeal, Gochin moved for the recusal of United States Circuit Judge Thomas I. Vanaskie and any judge whose appointment was recommended by former Senator Arlen Specter. We denied the motion for recusal on January 16, 2018, and we affirmed the judgment of the District Court on February 7, 2018. On March 6, 2018, we denied Gochin's petition for en banc and for panel rehearing. See Gochin v. Haaz, et al., C.A. No. 17-2481 (3d Cir. 2018).

Gochin filed this mandamus petition on February 26, 2018. Gochin again "challenges the refusal of District Court Judge Paul Diamond and Thomas Vanaskie's [sic]" to recuse themselves. Gochin raises the same three arguments for recusal as she did in the prior proceedings: (i) that Judges Diamond and Vanaskie have ruled against Gochin in prior cases; (ii) that Gochin has filed other lawsuits against these judges; and (iii) that former Senator Arlen Specter recommended the appointment of these judges. Gochin requests "that both the District and Appellate Court Orders be reversed," and requests that her case proceed to a jury trial.

A writ of mandamus is an extraordinary remedy. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To justify the use of this extraordinary

2

remedy, a petitioner must show that she has a clear and indisputable right to the writ, that there is no other adequate means to obtain the relief desired, and that the writ is appropriate under the circumstances. See id. at 378–79. Notably, mandamus is not a substitute for an appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004).

Gochin has not shown a clear and indisputable right to the writ. As this Court has previously held, Gochin has raised meritless grounds for recusal of the District Court Judge and the judges of this Court, including Judge Vanaskie. See generally 28 U.S.C. §§ 144, 455 (recusal appropriate where reasonable person would question judge's impartiality); Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse legal rulings are almost always insufficient to warrant recusal); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (pending suit against a judge, without more, is also insufficient). To the extent that Gochin's mandamus petition merely seeks review of this Court's prior orders, such relief may be sought from the Supreme Court. See generally Cheney, 542 U.S. at 380–81; In re Diet Drugs, 418 F.3d at 379. [1]

Accordingly, we will deny the petition for a writ of mandamus.

---

[1] To the extent Gochin seeks the judges' recusal from specific pending cases, she has not identified them.

3