**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1320
_____

ARDELL KENNEDY,
                    Appellant

v.

CITY OF PHILADELPHIA; PHILADELPHIA POLICE DEPARTMENT;
JOSEPH MCCAULEY, "5026" - Individually and Official Capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:17-cv-02338)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2018
Before:  SHWARTZ, KRAUSE, and FUENTES, Circuit Judges

(Opinion filed: September 21, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Ardell Kennedy appeals the District Court's dismissal of his

claims pursuant to 42 U.S.C. § 1983 arising out of his arrest and prosecution on charges

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that were ultimately dismissed. For the reasons that follow, we will affirm the District Court's judgment.

## I.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion. On October 30, 2014, Kennedy was arrested by Officer Joseph McCauley and other police officers for allegedly selling drugs. Kennedy contends that he was arrested without probable cause and without a search warrant. On November 17, 2014, McCauley testified at Kennedy's preliminary hearing; Kennedy alleges that McCauley knowingly lied during those proceedings. Kennedy maintains that various prosecutors maliciously prosecuted him and conspired against him, and that numerous public defenders participated in the conspiracy. Kennedy claims that several judges who presided over various stages of his case conspired to violate his constitutional rights as well. On September 19, 2017, the charges against Kennedy were ultimately dismissed after a mistrial stemming from McCauley's testimony.

In May 2017, Kennedy filed a complaint in the District Court seeking damages for his arrest and prosecution. Kennedy named ten police officers, including McCauley, three judges, five prosecutors, and five defense attorneys as defendants.[1] Kennedy initially amended his complaint and later filed a second amended complaint after the

---

[1] Kennedy named several additional defendants in his complaint. He does not challenge the dismissal of his claims against those defendants in his appellate brief. Thus, he has waived those issues on appeal. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

criminal charges against him were dismissed. The District Court promptly dismissed all of Kennedy's claims except for one claim against McCauley for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

After Kennedy filed a third amended complaint detailing his specific allegations against McCauley, the District Court dismissed his complaint with prejudice and without leave to amend his claims. Kennedy timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Kennedy's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). Dismissal is appropriate "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). "[W]e review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." See U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

## III.

Kennedy challenges the dismissal of his false arrest, false imprisonment, malicious prosecution, and conspiracy claims. Because the District Court properly dismissed

3

Kennedy's claims, we will affirm.

First, Kennedy failed to state a claim against the police officer defendants. "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); see 42 Pa. Cons. Stat. Ann. § 5524(2). Claims may be dismissed sua sponte as time-barred where "the defense is obvious from the face of the complaint and no further factual record is required to be developed." See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

Kennedy was arrested on October 30, 2014, and his preliminary hearing was on November 14, 2014. He filed his complaint in May 2017, more than two years after his arrest and his preliminary hearing. He has made no argument either in the District Court or on appeal to support tolling the statute of limitations. See Kach, 589 F.3d at 639. Kennedy does not claim that any police officer other than McCauley was involved with his case after his arrest. Thus, Kennedy's claims against McCauley based on his participation in Kennedy's arrest and preliminary hearing are time-barred, as are all of Kennedy's claims against the other nine police officers.[2]

Kennedy's remaining allegations about McCauley focus entirely on the testimony McCauley provided at Kennedy's trial. "[W]itnesses are absolutely immune from

---

[2] Kennedy's timeliness arguments on appeal about delays during District Court proceedings are not relevant to this analysis.

4

damages liability based on their testimony," including "government officials who testify about the performance of their official duties." Briscoe v. LaHue, 460 U.S. 325, 326 (1983). Although Kennedy also claims that McCauley somehow conspired with other defendants to violate his constitutional rights, he does so only in conclusory terms and his specific allegation is merely that McCauley testified during his trial. Accordingly, McCauley is absolutely immune from liability based on his trial testimony.

Next, the prosecutors who were involved in Kennedy's case are entitled to absolute immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Kennedy has repeatedly alleged that several prosecutors somehow conspired with other parties to deprive him of his constitutional rights in the course of his prosecution, but those conclusory allegations do not indicate that these defendants ever acted outside of their roles as advocates for the State.

The judges who presided over Kennedy's case are also entitled to absolute immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). A judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. (internal quotation marks omitted). Kennedy has alleged that the judges who presided over his case conspired with other actors against him. However, Kennedy has never made factual allegations to support this argument and does not clarify it on appeal. The only actions Kennedy challenges were

decisions made by these judges in their judicial capacities.

Finally, because Kennedy's public defenders were not acting under color of state law in their capacity as his attorneys, he may not bring § 1983 claims against them. Kennedy maintains that his public defenders conspired to violate his constitutional rights during the course of his case. However, public defenders do not act under color of state law when they "perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Kennedy's generalized allegations could not establish that any of his public defenders acted outside of that capacity.[3] Therefore, we will affirm the District Court's dismissal of Kennedy's claims.

---

[3] The District Court correctly denied Kennedy leave to amend his claims, as further amendment would have been futile. Kennedy was given numerous opportunities prior to dismissal to clarify his factual allegations, but he never did so.

6