**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2437
_____

DAVID H. PINCKNEY,
                              Appellant

v.

SUPERIOR COURT OF NEW JERSEY ESSEX VICINAGE FAMILY DIVISION;
JUDGE DONALD A. KESSLER

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-03794)
District Judge:  Honorable Esther Salas

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2018
Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: December 14, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant David Pinckney appeals from the District Court's order dismissing his second amended complaint. For the reasons discussed below, we will affirm.

## I.

In July 2017, Pinckney filed his second amended complaint, naming the New Jersey Superior Court, Essex Vicinage, Family Division ("Family Court") and Judge Donald A. Kessler as defendants. Pinckney alleged that the defendants violated his constitutional rights by ordering him to pay "significant" child support, and ordering his child-custody status changed from joint custody to non-custodial parent. Pinckney claimed that the defendants violated his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights and the "prohibition against bills of attainder" in Article 1, Section 9 of the Constitution. He sought the return of his child support payments, an order compelling the Family Court to reinstate his prior custody status, punitive damages, and to have "the Essex County Family Court investigated for additional civil rights violations."

The defendants filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court granted the motion and dismissed the complaint. The District Court found that it lacked jurisdiction under the Rooker-Feldman doctrine, which prohibits lower federal courts from exercising subject matter jurisdiction in certain cases already heard in state court. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The District Court also found

that it lacked jurisdiction over the claims against the Family Court and against Judge Kessler in his official capacity, as those claims are barred under the Eleventh Amendment. The District Court further ruled that, to the extent it had jurisdiction over any claims against Judge Kessler in his individual capacity, Pinckney failed to state a claim because Judge Kessler is entitled to judicial immunity. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review questions of subject matter jurisdiction de novo. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163–64 (3d Cir. 2010). "In an appeal from a grant of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (internal citations and quotations omitted). We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

To the extent that Pinckney challenged the Family Court orders modifying his custody status and requiring him to pay child support, we agree with the District Court's

3

determination that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine. That doctrine deprives lower federal courts of subject matter jurisdiction over claims where: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western, 615 F.3d at 166 (alterations in original) (quoting Exxon Mobil, 544 U.S. at 284). Here, Judge Kessler entered a judgment against Pinckney in the Family Court; Pinckney argues that he was injured by that state-court judgment; the judgment preceded this federal suit; and Pinckney sought relief that invited the District Court to overrule the state-court judgment. Pinckney argues that Rooker-Feldman does not apply because he merely sought to have the prior custody order— granting him joint custody—reinstated. But reinstating the prior order would have required the District Court to review and overturn Judge Kessler's subsequent order modifying Pinckney's custody status to non-custodial parent. Accordingly, the District Court lacked subject matter jurisdiction under the Rooker-Feldman doctrine.

To the extent that Pinckney raised claims that are not barred under the Rooker-Feldman doctrine, we agree with the District Court that the defendants are immune from suit. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). Eleventh Amendment immunity protects not only states but also state agencies and departments, such as the Family Court

4

here, "that are so intertwined with them as to render them 'arms of the state.'" Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018) (citation omitted).[1]

To the extent that Pinckney raised claims against Judge Kessler that are not barred under the Rooker-Feldman doctrine or the Eleventh Amendment, the District Court correctly determined that these claims are barred by judicial immunity. See Capogrosso, 588 F.3d at 184 (affirming dismissal under Federal Rule of Civil Procedure 12(b)(6) based on judicial immunity). "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Id. (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir.2006)). A judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction." Capogrosso, 588 F.3d at 184 (quotation marks and citations omitted). Here, all of Pinckney's allegations against Judge Kessler related to actions he took as a judge, and Pinckney has not plausibly alleged that Judge Kessler acted in the clear absence of jurisdiction.

The District Court properly denied leave to amend, as amendment would be futile under these circumstances. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Thus, the District Court's dismissal of Pinckney's "Rule 56 motions" was also proper.

Accordingly, we will affirm the judgment of the District Court. Appellant's motion for injunctive relief is denied as moot.

---

[1] Pinckney has not argued that any of the exceptions to sovereign immunity apply. See generally MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001).