**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1743
_____

ESHED ALSTON,
                              Appellant

v.

VERIZON DELAWARE LLC; ELAINE BUCCI
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00652)
District Judge: Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2018

Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: January 4, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

EShed Alston appeals pro se from an order of the District Court dismissing his complaint and denying his motions for recusal, discovery, and summary judgment. For the reasons that follow, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will summarize that Alston filed suit against Verizon Delaware LLC and Elaine Bucci (a Verizon employee) in Delaware state court related to a billing dispute. Because Alston invoked the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the defendants removed the matter to the District Court. They then filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), which Alston opposed. Alston also twice sought the District Judge's recusal and filed a motion for summary judgment and a motion for discovery.

The District Court denied Alston's motions for recusal, and, after concluding that Alston failed to state an FDCPA claim, granted the defendants' motion to dismiss. The District Court also declined to exercise supplemental jurisdiction over any state-law claim and remanded the matter to the Superior Court of the State of Delaware. In light of its decision, the District Court denied Alston's motions for summary judgment and discovery as moot. This appeal followed.[1] Alston presents two motions "seeking

---

[1] Prior to filing his notice of appeal, Alston filed a motion for reconsideration (labeled as a motion for reargument). The District Court ultimately denied the motion on June 11, 2018 – after Alston filed his notice of appeal. Because Alston did not file a second notice of appeal or amend his original notice to include a challenge to the June 11, 2018 order, that order is not before us. See Fed. R. App. P. 4(a)(4)(B)(ii); Witasik v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 191 (3d Cir. 2015).

2

discovery and acknowledgement of fraud" and a document described as "a notice of removal."[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6).  See Free Speech Coal., Inc. v. Attorney Gen. of the U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). We review a District Court's denial of a motion for recusal for abuse of discretion.  See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

## III.

We will affirm the District Court's judgment.  First, for the reasons given by the District Court, the District Court properly concluded that Alston failed to state a claim under the FDCPA because he alleged that Verizon is a direct creditor and not a "debt collector" as defined by 15 U.S.C. § 1692a(6).  "Creditors – as opposed to 'debt collectors' – generally are not subject to the [FDCPA]."  Tepper v. Amos Fin., LLC, No. 17-2851, -- F.3d --, 2018 WL 3733862, at *1 (3d Cir. Aug. 7, 2018) (quotation marks and citation omitted); see also Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (quoting Aubert v. American General Finance, Inc., 137 F.3d 976, 978 (7th Cir. 1998), for the proposition that "[c]reditors who collect in their own name and whose principal business is not debt collection are not subject to the [FDCPA].").

---

[2] The Appellees, at the conclusion of their brief, request summary affirmance.  They also separately filed a motion to supplement appendix.

3

Secondly, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over any state-law claim and remanding the matter to the state court. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir. 1999); see also Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]e believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice.") (citation omitted). Moreover, because we agree with the District Court's decision to dismiss Alston's FDCPA claim, we find no error in its conclusion to deny Alston's motions for summary judgment and discovery as moot.

Finally, the District Court properly denied Alston's recusal motions. Alston argued, inter alia, that the District Judge was racist and was advocating on the behalf of Verizon (or "colluding" against him). However, the record does not support Alston's allegations. We see no evidence of racism or other bias or prejudice. A reasonable person would not conclude that the District Court's impartiality might be questioned. See 28 U.S.C. §§ 144, 455; U.S. v. Ciavarella, 716 F.3d 705, 719 (3d Cir. 2013).

## IV.

For the above reasons, we will affirm the District Court's judgment.[3]

---

[3] We also deny Alston's motions "seeking discovery and acknowledgment of fraud." To the extent that Alston is arguing that Verizon withheld some of the record or his filings, we assure him that we have considered all of the documents in the certified record in coming to our decision. The exact nature of the relief Alston requests in his notice of removal is not clear. To the extent that he asks us to affirm our jurisdiction over his appeal, no further action is necessary. To the extent that he asks us to take original jurisdiction over the cause of action he originally filed in state court, we deny his request. Finally, we deny the Appellees' motion to supplement appendix and their request for summary affirmance.