CLD-087                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2617 & 22-3423
_____

MAKETA S. JOLLY,
                                    Appellant

v.

EXCELSIOR COLLEGE; MARY LEE POLLARD;
JOANNE LEONE, Executive Director, Individual Capacity;
LAURA BALDWIN TUFFA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-05628)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2023
Before:  GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed May 25, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Maketa Jolly, proceeding pro se, appeals from the District Court's order granting defendants' motions to dismiss. We will summarily affirm.

In her complaint, Jolly sued Excelsior College, two individuals related to the institution, and an attorney involved in a previous lawsuit against Excelsior. Jolly alleged that, in dismissing without prejudice a prior complaint by Jolly against Excelsior and others, the Honorable Joel H. Slomsky violated the United States Constitution by, inter alia, exhibiting racial bias, failing to consider evidence, and failing to maintain judicial impartiality.[1] Dkt. No. 1 at 15-16, 18, 29, 34. Jolly also alleged that the attorney engaged in racism and contributed to the alleged lack of judicial impartiality. Id. at 16.

All defendants moved to dismiss on numerous grounds. Dkt. Nos. 19, 44, 70. On July 29, 2022, the District Court granted the motions to dismiss and dismissed Jolly's complaint with prejudice for failure to state a claim and as barred by res judicata. Dkt. No. 76. Jolly filed two notices of appeal from that order, and the two appeals have been consolidated.

---

[1] In 2019, Jolly appealed from Judge Slomsky's ruling, and we dismissed that appeal for lack of appellate jurisdiction. See C.A. Dkt. No. 19-2497.

2

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the dismissal of the complaint. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court correctly dismissed Jolly's complaint for failure to state a claim. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). It is not enough for a plaintiff to offer only conclusory allegations. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Jolly's complaint is largely about Judge Slomsky's 2019 ruling, which she already appealed. Otherwise, she did not assert any facts supporting a claim against Excelsior or the two related individuals named in the complaint. To the extent Jolly made any allegations against the attorney from a previous lawsuit, these scattered and

_____

[2] Jolly's notices of appeal were filed on August 30, 2022, beyond the thirty-day limit for filing a notice of appeal. See Fed. R. App. P. 4(a)(1)(A). However, because the District Court's dismissal order contained the reasoning for its disposition, it did not comply with the separate judgment rule set forth in Rule 58(a) of the Federal Rules of Civil Procedure. See Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 187 (3d Cir. 2015). Thus, the District Court's judgment was not entered until 150 days after the order was entered on the docket, see Fed. R. Civ. P. 58(c)(2)(B), and Jolly's notices of appeal were timely filed.

3

conclusory allegations do not assert a claim that is "plausible on its face." See Iqbal, 556 U.S. at 678.

The District Court did not abuse its discretion in concluding that amendment was futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir 2002); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984) (explaining preclusive effects of former adjudication). Jolly's prior suits against the named defendants ended in final judgments on the merits. See Jolly v. Excelsior Coll., No. 1:19-cv-01317, 2020 WL 3128535, at *7 (N.D.N.Y. June 12, 2020); Jolly v. Excelsior Coll., No. 1:21-cv-00621, 2021 WL 4775241, at *3 (N.D.N.Y. Oct. 12, 2012). To the extent Jolly could have amended to name Judge Slomsky as a defendant, that amendment would also have been futile because judicial immunity is a plain bar to her claims. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

Accordingly, we will affirm the judgment of the District Court.