**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1973
_____

JAMEEL IBRAHIM,
                                        Appellant

v.

JUDGE R. HOFFMAN, Personal Capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-03015)
District Judge:  Honorable Christine P. O'Hearn

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2025
Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed September 18, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jameel Ibrahim appeals pro se from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, we will affirm the District Court's judgment.

Ibrahim brought this action for "Civil Rights Violations" against R. Douglas Hoffman, a former Springfield Township Municipal Court judge, in his individual capacity.[1] The complaint alleged that Hoffman violated Ibrahim's due process rights and the "Uniform Bonding Code" by compelling him to enter into a "surety contract" and, thereby, undermining his ability to defend charges against him.[2] Ibrahim sought both monetary and injunctive relief. The District Court granted Ibrahim's motion to proceed in forma pauperis, and screened and dismissed the complaint with prejudice pursuant to § 1915(e)(2)(B), determining that Hoffman was entitled to judicial immunity. Ibrahim timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over dismissals under § 1915(e)(2)(B), see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and over legal determinations regarding immunity, see Dotzel v. Ashbridge, 438 F.3d 320, 324-25 (3d Cir. 2006). To avoid dismissal for failure to state a claim, "a

---

[1] We liberally construe Ibrahim's pleading as a civil rights action pursuant to 42 U.S.C. § 1983.

[2] Ibrahim attaches documents to his brief which suggest that his claims stem from proceedings in the Springfield Municipal Court related to various traffic violation charges against him. While "[w]e do not consider material on appeal that is outside of the district court record," see Webb v. City of Phila., 562 F.3d 256, 261 n.4 (3d Cir. 2009), we note that the documents would not assist his appeal.

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). A plaintiff must offer more than conclusory allegations or a simple recital of the elements of a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

We agree with the District Court that the claims against Hoffman are barred by the doctrine of judicial immunity.[3] Judges, including municipal court judges, are immune from civil liability for acts taken in their judicial capacity. See Figueroa v. Blackburn, 208 F.3d 435, 440-41 (3d Cir. 2000) (recognizing that judicial immunity extends to "judges of courts of limited and general jurisdiction"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 443 (citation omitted). Also, § 1983 bars injunctive relief against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (quoting 42 U.S.C. § 1983).

---

[3] In his complaint, Ibrahim also alleged claims against the Springfield Township Municipal Court. However, he did not name the Municipal Court as a defendant, and, in any event, he does not argue on appeal that the District Court erred in dismissing any such claims. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (noting that arguments not raised in an opening brief on appeal are forfeited).

3

Ibrahim argues that Hoffman "disregard[ed] the Uniform Bonding Code," and that his actions in "compel[ing] [him] to enter into a surety contract without due process, clearly fall outside the protections of judicial immunity." Appellant's Br. at 2-3. As the District Court observed, however, there is no legally cognizable "Uniform Bonding Code." Nor do the vague allegations regarding a "surety contract" clearly demonstrate that Hoffman acted outside his judicial capacity or authority. Hoffman is therefore entitled to immunity from this suit. See Azubuko, 443 F.3d at 304 (holding that "[b]ecause [a plaintiff] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by [the plaintiff] does not address the actions of [the judge] other than in his judicial capacity, [the plaintiff's] claim for injunctive relief is barred"). Accordingly, the District Court properly dismissed Ibrahim's claims. Further, because amendment of the complaint would be futile, dismissal of all claims with prejudice was appropriate. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013).

Based on the foregoing, we will affirm the District Court's judgment.

4