CLD-125                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1135
_____

ORGUNA SANDERS,
                    Appellant

v.

CITY OF ERIE; DANIEL SPIZARNY, Chief of Police for City of Erie; SUZANNE C.
MACK, District Magistrate Judge; NICHOLAS A. MASKERY, District Attorney;
JEREMY C. LIGHTNER, District Attorney; K.M. MULLANEY, Erie Police Dept
PTLM; JOSEPH SCHEMBER, Mayor of the City of Erie
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:22-cv-00355)
Magistrate Judge: Honorable Richard A. Lanzillo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed May 21, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Orguna Sanders, a Pennsylvania state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's judgment against him in a civil-rights action. We will summarily affirm.

I.

Sanders filed a complaint in the District Court[1] pursuant to 42 U.S.C. § 1983 against the City of Erie, its mayor, its chief of police, an individual Erie police officer ("Erie City Defendants"), two Erie County assistant district attorneys ("ADA Defendants"), and a Magistrate Judge alleging that the police officer, K.M. Mullaney, initiated certain criminal charges against him without probable cause. Sanders claimed that the Magistrate Judge improperly increased his bail because of those allegedly baseless criminal charges, and that the ADA Defendants maliciously prosecuted him on those charges.

After Sanders filed his operative amended complaint, all defendants filed motions to dismiss his complaint for failure to state a claim. The Court granted the motion as to the Magistrate Judge and the ADA defendants, concluding that they were immune from

---

[1] In this case, a United States Magistrate Judge presided over the District Court proceedings pursuant to the parties' consent. *See* 28 U.S.C. § 636(c)(1). Accordingly, we will refer to the Magistrate Judge as "the District Court."

2

suit. The Court also dismissed the claims against the mayor, and the chief of police, and so the case continued solely against Officer Mullaney.

After a period of discovery, Sanders and Mullaney each moved for summary judgment, which the Court granted in favor of Mullaney, concluding that he had sufficient probable cause to initiate criminal proceedings against Sanders. After the Court denied Sanders's motion for reconsideration, he filed a timely appeal. In this Court, Sanders has been granted leave to proceed in forma pauperis, and has filed a brief that has been construed as a document in support of his appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011) (citation modified). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

The District Court properly dismissed plaintiff's claims against the Magistrate Judge and the ADA defendants who were involved in adjudicating and prosecuting criminal charges against him. Plaintiff's claim against Judge Mack fails because his allegations against her arise exclusively from her conduct while acting as a judge. He

complains that she approved a criminal complaint against him and increased his bail, but "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Therefore, the District Court's dismissal of Sanders's claims against her was proper.

The claims against the ADA defendants were also properly dismissed, because the ADA defendants enjoy prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). A prosecutor is entitled to absolute immunity when she "function[s] as the state's advocate while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006) (citation modified). Here, Sanders alleges that the ADA defendants were maliciously prosecuting him because the criminal charges they prosecuted were brought, allegedly, without probable cause; however, a district attorney acting "within the scope of his duties in initiating and pursuing a criminal prosecution" is immune from suit, even when a litigant alleges a lack of probable cause. *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) (citation modified).

Plaintiff's claims against Erie City's mayor and chief of police were properly dismissed, because defendants in a § 1983 action cannot be held liable under a theory of vicarious liability or respondeat superior, unless he alleges that there was a custom or

4

policy maintained by these defendants that led to a constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). Sanders does not allege that either of these individuals was personally involved in his prosecution, and his allegation that they maintained a custom of violating "the rights of those individuals whom they come in contact with" is conclusory, and unsupported by any factual allegation. It was therefore proper for the District Court to dismiss these claims.

The District Court properly granted summary judgment in favor of Officer Mullaney. In order to succeed on any of the false arrest, false imprisonment or malicious prosecution claims Sanders sought to bring against Mullaney, he needed to establish that Mullaney did not have probable cause to initiate criminal charges against him. *See Harvard v. Cesnalis*, 973 F.3d 190, 199, 202-03 (3d Cir. 2020). Specifically, Sanders claimed that Mullaney lacked probable cause to initiate charges of "terroristic threats" and "disorderly conduct" against him, stemming from an incident where Sanders allegedly threatened to kill a teenage girl, S.C., outside of her school.

Here, after receiving an initial complaint regarding the incident, Mullaney spoke directly with S.C., who confirmed the identification of Sanders as the individual who threatened her. The victim's eyewitness identification of Sanders to Officer Mullaney is sufficient to establish probable cause. *See Wilson v. Russo*, 212 F.3d 781, 791 (3d Cir. 2000) ("When a police officer has received a reliable identification by a victim of his or

5

her attacker, the police have probable cause." (citation modified)). To the extent that Sanders complains about Mullaney's insufficient investigation, we have held that "post-hoc claims about investigative deficiencies do not undermine probable cause." *Wexler v. Hawkins*, —F.4th --, 2026 WL 1090195, at *4 (3d Cir. Apr. 22, 2026).

In his motion for summary judgment, Sanders complains that Mullaney's criminal complaint against him was illegal because it lacked an affidavit of probable cause; however, an affidavit is only required when an officer seeks an arrest warrant. *See* 234 Pa. Code Rule 513. Because Mullaney did not seek an arrest warrant, and merely issued a summons for Sanders to appear at a preliminary hearing, no affidavit was necessary. *See* 234 Pa. Code Rule 504 (detailing the requirements of a criminal complaint).

Finally, we discern no abuse of discretion in the District Court's denial of Sanders's motion to alter or amend the judgment. *See Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) (holding that "abuse of discretion" is the standard under which Rule 59(e) motion denials are reviewed). The Court construed Sanders's motion as a Rule 59(e) motion for reconsideration, but determined that he failed to demonstrate that he was entitled to relief. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.