**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2976
_____

STANLEY E. KORNAFEL, PRO SE LAYMAN,
Appellant

v.

SCOTT D. GALLOWAY, ESQ.; G. MICHAEL GREEN, J.; CHRISTINE F. GANNON,
J.; SPIROS E. ANGELOS, J.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-18-cv-03241)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2018
Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed:  May 15, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Stanley Kornafel, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Kornafel filed a complaint against his landlord, Dorothy Gallagher, his landlord's attorney, Scott Galloway, and three Delaware County Court of Common Pleas judges. Kornafel claimed violations of his constitutional rights arising from a state court lawsuit that Gallagher successfully brought against him. Kornafel alleged that the judges were biased against him, precluded him from presenting his case, and conspired against him with Galloway. Kornafel sought a "jury trial outside of Media where a reasonable fair and equal hearing may be had or adjudicate the case based on the merits." Compl. at 14.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent Kornafel claimed that the defendants conspired to discriminate against him in violation of 42 U.S.C. § 1985, the District Court ruled that he did not allege the requisite race- or class-based discrimination to state a claim. The District Court also ruled that Kornafel had not stated a conspiracy claim under § 1983 because he did not allege facts supporting a plausible conspiracy, that his § 1983 claims against the judges are barred by absolute judicial immunity, and that Gallagher and Galloway are not state actors subject to liability under § 1983. The District Court dismissed the complaint without prejudice and allowed Kornafel to file an amended complaint, with the exception of his claims against the judges, which were dismissed with prejudice.

Kornafel filed an amended complaint naming Galloway and the three judges as defendants. He disputed the District Court's decision and reiterated and expanded the allegations in his original complaint. The District Court stated that the amended complaint made clear that Kornafel's federal case was predicated on his dissatisfaction with the handling of his state court case and his belief that the judges and opposing counsel conspired against him. The District Court ruled that, to the extent Kornafel asked it to review and vacate the state court's judgment or rulings, it lacked jurisdiction to do so under the Rooker-Feldman[1] doctrine. The District Court also ruled that Kornafel had failed to state a claim for the same reasons stated in its prior decision. The District Court dismissed the amended complaint with prejudice and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Kornafel's complaints are not very clear. To the extent his claims are not barred by the Rooker-Feldman doctrine, he did not state a plausible conspiracy claim for the reasons stated by the District Court. We also agree with the District Court that Kornafel's allegations do not support a conclusion that Gallagher and Galloway are state actors subject to liability under § 1983. In addition, the record reflects that Kornafel's claims against the judges are based on their actions in their judicial capacities. The

---

[1]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

judges are thus absolutely immune from any suit for damages and Kornafel does not seek injunctive relief that might be available under § 1983.  See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

Kornafel argues on appeal that the District Court omitted from its decision certain factual allegations, including allegations that the state court failed to adjudicate his counterclaim against Gallagher and enforce its pre-trial order, and that these allegations support his conspiracy and due process claims.  Although the District Court summarized Kornafel's complaints without setting forth all of his allegations of wrongdoing, Kornafel has not shown that the District Court erred in dismissing them for the reasons stated above.[2]

Accordingly, we will affirm the judgment of the District Court.  Kornafel's request in his brief for oral argument is denied.

---

[2]We will not address the questions presented for review that Kornafel lists in his brief, which, to the extent understandable, either are not relevant to the District Court's reasons for dismissing his complaints or are conclusory.