**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3607
_____

WILSON K. BAQUERO,
                         Appellant

v.

JENNIFER MENDOZA; FLORIDA DEPARTMENT OF REVENUE;
CHRISTINE TARDIF, Senior Probation Officer;
JUDGE ARTHUR M. BIRKEN; KONSTANTIN FELDMAN;
JUDGE LINDA MALLOZZI; JUDGE THOMAS K. ISENHOUR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 18-cv-15081)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2020
Before:  JORDAN, BIBAS, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wilson K. Baquero appeals the order of the United States District Court for the District of New Jersey granting the appellees' motions to dismiss his complaint. We will affirm.

Because the parties are familiar with the proceedings and the record, we will not recount all of the details here. To summarize, Baquero's complaint relates to state court rulings in Florida and New Jersey concerning his child support obligations. Judge Arthur M. Birken presided over the child support case in Broward County, Florida. In 2012, Judge Birken found that Baquero was $6,890 in arrears and ordered a $266 per month payment going forward. More recently, Baquero has been litigating the enforcement of his child support obligation in the New Jersey state courts. In 2018, New Jersey Chancery Court Judge Thomas K. Isenhour issued an order stating that Baquero was $22,132.39 in arrears. Judge Isenhour also denied Baquero's application to dismiss enforcement of his child support obligations.

Baquero then filed his federal complaint, attaching numerous state court documents as exhibits, and invoking the United States Constitution. He alleged that he has been deprived of his property to the point of homelessness. As relief, he sought dismissal of his child support cases, refund of his child support payments, $10,000 in damages from Judge Isenhour, an additional $10,000 from "the County," and a share of federal incentive funds.[1] He named as defendants Judge Birken, the Florida Department of Revenue, and New Jersey state defendants Judge Isenhour, Judge Linda Mallozzi,

---

[1] It appears from Baquero's brief that his demand relates to state funding originating from Federal Child Support Enforcement Program statutes.

Senior Probation Officer Christine Tardif, and Child Support Hearing Officer Konstantin Feldman. Baquero also named as a defendant Jennifer Mendoza, the mother of Baquero's child. Judge Birken, the Florida Department of Revenue, and the New Jersey state defendants filed motions to dismiss the complaint.

By opinion and order entered August 6, 2019, the District Court analyzed the complaint as a civil rights action under 42 U.S.C. § 1983 and granted the defendants' motions to dismiss on the basis of Eleventh Amendment immunity, judicial immunity, quasi-judicial immunity, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The District Court allowed Baquero 30 days to file a motion to amend his complaint. On October 9, 2019, the District Court dismissed the complaint in its entirety with prejudice, noting that Baquero did not file a motion to amend. The District Court also concluded that dismissal was warranted regarding defendant Mendoza.[2] Baquero filed a timely notice of appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court's disposition of Baquero's complaint. Neither the Florida Department of Revenue as a state agency, nor defendants Birken, Feldman,

3

Mallozzi, and Isenhour as state officials in their official capacities, are "persons" capable of being sued for civil rights violations under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989) (holding that while state officials literally are persons, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). The Eleventh Amendment bars claims for damages against the Florida Department of Revenue and against the individual defendants in their official capacities. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990).

Concerning Judges Birken, Mallozzi, and Isenhour as defendants in their personal capacities, it is well-settled that a judge is absolutely immune from suit for monetary damages arising from judicial acts, except for those "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S 9, 11–12 (1991). Baquero's complaint concerns the actions of the state court judges while engaged in quintessentially juridical activities, such as presiding over child support proceedings and issuing rulings and orders. Although Baquero disagrees with the judges' decisions, the conduct at issue occurred within their jurisdictional roles as judges. To the extent that Baquero sought injunctive relief against the judicial defendants, such relief is barred by § 1983 itself, where Baquero has made no allegation that a declaratory decree was violated or that declaratory relief is unavailable. See 42 U.S.C. § 1983; Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Moreover, we agree with the District Court's conclusion that defendants Tardif and Feldman are entitled to quasi-judicial immunity for their roles in

---

[2] Mendoza did not file an appearance in the proceedings.

4

implementing and enforcing child support orders.  See, e.g., Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (citing cases).

We also agree with the District Court's assessment that Baquero's complaint was insufficient to state a civil rights action.  "To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  Baquero's complaint listed the names of the defendants but did not plead any factual allegations regarding their personal involvement in an unlawful deprivation of Baquero's rights.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that a civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").[3]  As for defendant Mendoza, aside from identifying her as having been involved in the child support proceedings as the child's mother, the complaint similarly contained no factual allegations against her.[4]

---

[3] Baquero alleged that Judge Birken did not allow him to speak and be heard before depriving him of his property, but as the District Court stated, the 2012 child support judgment indicates that Baquero filed an answer in those proceedings and appeared at the final hearing by telephone.  (See District Court Op. at 9.)  In any event, as stated earlier, Judge Birken is immune from suit concerning his judicial actions.

[4] Baquero's complaint contains no suggestion that Mendoza was sued in any capacity other than as a private citizen.  Thus, his § 1983 suit against her also would fail because he has not alleged that Mendoza is a state official or that she exercised state power.  Her participation as a party in the state court child support proceedings, by itself, does not convert her involvement into action that can be "fairly attributed to the state itself."  Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

5

Finally, Baquero cannot raise new claims or arguments in this appeal. For instance, he seeks shared custody of the child and requests $797,777,994 in punitive damages. He also makes specific references to a number of state and federal statutes and regulations, including the Federal Child Support Enforcement Program statutes, the New Jersey Constitution and Criminal Code, the North Dakota Constitution, and the Immigration and Nationality Act. We generally do not review arguments raised for the first time on appeal absent exceptional circumstances, see Tri-M Group, LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011), and none are present here. In any event, we have considered Baquero's arguments and conclude that they are without merit on the issue before us, namely, whether the District Court appropriately dismissed Baquero's case, after providing an opportunity to amend his complaint.

We will affirm the District Court's order.