**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2969
_____

SURENDER MALHAN, for himself and as parent of E.M. and V.M.;
SPACEAGE CONSULTING CORP.,
                                                    Appellants

v.

STATE OF NEW JERSEY; NATASHA JOHNSON, in her official capacity
as Director Division of Family Development; JOHN DOES 1-10;
OFFICE OF CHILD SUPPORT SERVICES; DONALD A. KESSLER, in his
official capacity as a former New Jersey Superior Court Judge;
DAVID B. KATZ, in his official capacity as a current New Jersey Superior
Court Judge; ATTORNEY GENERAL NEW JERSEY; LARRY ASHBRIDGE,
Chief, Child Support Enforcement, New Jersey Office of Probation;
ADMINISTRATIVE OFFICE OF NEW JERSEY COURTS, Probation Division
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-16-cv-08495)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on November 10, 2022

Before: CHAGARES, *Chief Judge*, JORDAN, and SCIRICA, *Circuit Judges.*

(Filed: February 7, 2023)

_____

OPINION[*]

_____

**SCIRICA**, *Circuit Judge*

 This case arises from a New Jersey state family court dispute between Surender Malhan and his ex-wife and mother of his minor children, Alina Myronova, that began in 2011. While the state family court proceedings were ongoing, Malhan and his solely-owned company SpaceAge Consulting Corp. ("SpaceAge") (collectively, "Appellants") sued the State of New Jersey, New Jersey state executive branch officials,[1] New Jersey state entities,[2] and New Jersey Superior Court Judges David Katz and Donald Kessler (collectively, "Defendants") in federal court for alleged violations of federal law. *See Malhan v. Sec'y U.S. Dep't of State (Malhan I)*, 938 F.3d 453, 455 (3d Cir. 2019). The District Court dismissed Appellants' third amended complaint ("TAC"), and Appellants now appeal that decision. We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The New Jersey state executive branch officials who Appellants sued in the third amended complaint ("TAC") were Gurbir Grewal, Natasha Johnson, and Larry Ashbridge in their official capacities as Attorney General of the State of New Jersey, Director of the Division of Family Development, and Chief of Child Support Enforcement, respectively.

[2] The New Jersey state entities that Appellants sued in the TAC were the Office of Child Support Services and the New Jersey Administrative Office of the Courts, Probation Division.

I.[3]

In 2011, Alina Myronova filed for full physical and legal custody of the couple's two minor children in New Jersey state family court. The family court awarded Myronova full custody of the couple's two minor children. Because she had no income, the court ordered Malhan to pay her $3000 per month in child support and $3000 per month in spousal support.

In July 2012, Malhan was awarded joint custody of his children. The family court approved a custody schedule whereby, during the school year, the children would live with Malhan from Monday through Friday morning and with Myronova from Friday evening through Sunday. Based on these changes to the custody arrangement and an increase in Myronova's income, Malhan asked the family court to recalculate his child support obligations, but the court denied his request. Similar requests for recalculation of Malhan's child support obligations were denied or ignored in 2014, 2015, 2016, 2017, 2018, and 2019.

In 2016, Malhan failed to pay the full amount of spousal and child support that he had been ordered to pay. As a result, in July 2018, the State of New Jersey—or a state official or entity—levied $15,907.16 from Malhan's bank account. Moreover, beginning in February 2017, Malhan stopped making child support payments altogether. Consequently, at a proceeding in July 2017, New Jersey Superior Court Judge Donald

---

[3] The facts are recited as alleged in Appellants' TAC. "Because we are reviewing an order granting a motion to dismiss, we must accept all of [Appellants'] [factual] allegations as true and view the facts in the light most favorable to [them]." *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 258 n.1 (3d Cir. 2006).

Kessler ordered Malhan to pay $4000 per month in arrears, which would be garnished from the salary Malhan earned working for his company, SpaceAge.

In September 2017, Malhan and SpaceAge filed a complaint with the United States Department of Labor, contending the garnishment order violated federal law. On October 25, 2017, the United States Department of Labor Office of the Solicitor sent a letter to Judge Kessler stating the $4000 per month garnishment order violated federal law. Judge Kessler subsequently vacated the garnishment order, but ordered Malhan to pay Myronova's counsel fees, in the amount of $9,231.12. Despite Judge Kessler vacating the garnishment order, on November 29, 2019, the Essex County Probation Department sent an "Income Withholding Order/Notice For Support" to SpaceAge, which asked SpaceAge to garnish $7000 per month from Malhan's salary.

Based in part on the foregoing events, Malhan filed suit in federal court.[4] After Malhan was permitted to amend his complaint multiple times, the District Court dismissed Malhan's second amended complaint. Malhan appealed the District Court's ruling, and we affirmed in part and reversed in part. *Malhan I*, 938 F.3d at 465. On remand, Malhan amended his complaint, adding, among other changes, SpaceAge as a plaintiff, new state officials and entities as defendants, and new factual allegations. Defendants moved to dismiss the TAC, the District Court granted that motion, and Appellants appealed.

---

[4] Malhan has been a serial litigant in federal court, raising a wide variety of claims related to the proceedings in the state family court.

II.[5]

Appellants contend the District Court erred in dismissing (1) Malhan's claim for the return of $15,907.16 that the state defendants[6] allegedly seized from Malhan's bank account, (2) Malhan's claim that a New Jersey officer or employee unlawfully disclosed Malhan's financial information, (3) Malhan's claims that the state defendants violated federal law by refusing to review his child support obligations, (4) Malhan's retaliation claim, and (5) SpaceAge's claim that the state defendants' attempt to garnish Malhan's wages violates federal law.

A.

Appellants argue the District Court erred in dismissing Malhan's claim that New Jersey seized $15,907.16 from his bank account without due process of law. Appellants' main contention is that Malhan's claim should have been permitted to proceed because

---

[5] Because Appellants' TAC alleged violations of federal law, the District Court had original jurisdiction under 28 U.S.C. § 1331. *See Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1032 (3d Cir. 1988). We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order granting the motion to dismiss de novo. *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018). "In doing so, we accept all factual allegations in the complaint as true and construe those facts in the light most favorable to [Appellants]." *Id.* "To survive [the] motion to dismiss, [the] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, in ruling on the motion to dismiss, we may also consider matters of public record and exhibits attached to the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). We may affirm the District Court "on any ground supported by the record." *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[6] We refer to the State of New Jersey, the state executive branch officials, and the state entities collectively as the "state defendants."

42 U.S.C. § 1983 "provides a cause of action for whenever a state takes property under color of law without due process." Appellants' Br. 15.

From the face of the TAC, it is unclear whether Malhan's claim was brought against the State of New Jersey, the state entities, or the state executive branch officials. In any case, Malhan's claim was properly dismissed. "The Eleventh Amendment immunizes from suit in federal court both non-consenting states and those entities that are so intertwined with them as to render them 'arms of the state.'" *Karns v. Shanahan*, 879 F.3d 504, 512–13 (3d Cir. 2018) (citation omitted). Accordingly, because the State of New Jersey has not consented to suit, it is immune from suit in this matter. *See MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503–04 (3d Cir. 2001). Likewise, the state entities—which are "arms of the state"—are also immune from suit. *See Karns*, 879 F.3d at 512–13.

Malhan's claim fares no better with respect to the state executive branch officials. Appellants sue the state executive branch officials in their official capacities. Money damages are not available when a state official is sued in his or her official capacity under 42 U.S.C. § 1983. *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240–41 (3d Cir. 2010); *see also Melo v. Hafer*, 912 F.2d 628, 634 (3d Cir. 1990) ("[N]either a state nor state officials sued in their official capacities for money damages are 'persons' under section 1983."). Although Appellants' TAC suggests Malhan seeks declaratory relief, it is evident from Appellants' brief that Malhan seeks repayment of the $15,907.16 that the state defendants allegedly seized from his bank account. As a result, Malhan's claim is for money damages. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204,

6

210 (2002) ("Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' . . . since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." (citation omitted) (first ellipses in original)). It is therefore not cognizable under § 1983. *See Melo*, 912 F.2d at 634–35.

Accordingly, we will affirm the dismissal of Malhan's claim for the return of $15,907.16 that the state defendants allegedly seized from his bank account.

B.

Appellants contend the District Court erred in dismissing Malhan's claim that a New Jersey officer or employee unlawfully disclosed his financial information. In particular, Appellants assert that although "the full list of people who obtained illegal access [to Malhan's financial information] is still unknown" at this stage of the litigation, "[t]he State could not have illegally taken Malhan's money without first disclosing its existence." Appellants' Br. 16. Appellants further assert that the District Court erred in concluding that, to the extent a state officer or employee disclosed Malhan's financial information, it was done in good faith.

Under 42 U.S.C. § 669a(c)(1), an individual may bring a civil action for damages if a state officer or employee "knowingly, or by reason of negligence, discloses a financial record of [the] individual" for some purpose other than "establishing, modifying, or enforcing a child support obligation of such individual," 42 U.S.C. § 669a(b). The state officer or employee is not liable, however, if he or she disclosed the financial information in good faith. 42 U.S.C. § 669a(c)(2).

7

Here, Appellants have failed to state a claim to relief under 42 U.S.C. § 669a(c)(1) that is plausible on its face. Specifically, as the District Court noted, Appellants have not identified "what, if any, financial information was improperly disclosed, who disclosed the financial information, and to whom the disclosure was allegedly made." *Malhan v. Grewal*, No. 2:16-cv-8495, 2021 WL 4473104, at \*6 (D.N.J. Sept. 30, 2021). Accordingly, Appellants have failed to plead sufficient "factual content that allows the court to draw the reasonable inference that [any of the state defendants are] liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citation omitted)).

Because the District Court properly dismissed Malhan's claim under 42 U.S.C. § 669a(c)(1), we will affirm.

## C.

Appellants also contend the District Court erred in dismissing Malhan's claims that the state defendants have violated federal law by refusing to review his child support obligations. In particular, Appellants contend the District Court erred in concluding that dismissal of the claims was warranted under the law of the case doctrine. Appellants further contend the District Court erred in deciding 42 U.S.C. § 666(a)(10) does not provide a private right of action—or an individual right enforceable under 42 U.S.C. § 1983—to force states to review child support obligations at least once every three years. Because the District Court properly dismissed these claims, we will affirm.

"We have consistently rejected . . . attempts to litigate on remand issues that were not raised in a party's prior appeal and that were not explicitly or implicitly remanded for further proceedings." *Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 203 (3d Cir. 2004); *see also Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990) ("We hold that the [party] has waived this argument by its failure to present it in the proceedings prior to this appeal[, including] . . . when the case was before us on the previous appeal.").

Here, Malhan[7] previously filed a second amended complaint in this case. In that complaint, Malhan brought two claims that—in substance—were identical to the claims at issue here.[8] Specifically, Malhan sought a declaration that the state defendants were in violation of 42 U.S.C. §§ 654, 666, and 667 because they had failed to review his child support obligations for more than five years (Count 3). Malhan further sought an

---

[7] SpaceAge was added as a plaintiff in the TAC. Although "the law of the case doctrine should not be read so rigidly that it precludes a party from raising an argument that it had no prior opportunity to raise," *Hamilton v. Leavy*, 322 F.3d 776, 787 (3d Cir. 2003), it is evident from the allegations in the TAC that the claims regarding review of Malhan's child support obligations were brought by Malhan, not SpaceAge. Appellants' brief does not suggest otherwise. *See* Appellants' Br. 25 ("Accordingly, *Malhan's* cause[s] of action for triennial review should not have been dismissed under the Law of the Case Doctrine." (emphasis added)).

[8] Although Appellants contend the claims at issue here were "added" to the TAC because they were "based on the State['s] refusal to conduct a triennial review in October and December 2019"—whereas the claims in the second amended complaint were based on the state defendants' refusal to review Malhan's child support obligations in 2016—they concede the TAC "bring[s] the same legal claim[s] as before." Appellants' Br. 24–25. Indeed, fundamentally, the claims in the second and third amended complaints are the same—that is, that the state defendants violated federal law by refusing to conduct a triennial review of Malhan's child support obligations and there is an enforceable right to such review either directly under 42 U.S.C. § 666(a)(10) or under 42 U.S.C. § 1983.

9

injunction under 42 U.S.C. § 1983[9] to enforce his alleged right to triennial review of his

child support obligations under 42 U.S.C. § 666(a)(10) (Count 4). The District Court

dismissed those counts, holding that they failed as a matter of law because 42 U.S.C. §

666(a)(10) does not create a private right of action. Malhan appealed the dismissal of

Count 3 but did not appeal the dismissal of Count 4. *Malhan I*, 938 F.3d at 457 n.3. On

appeal, Malhan did not challenge the District Court's holding that 42 U.S.C. § 666(a)(10)

does not provide a private right of action. *Id.* Rather, Malhan argued "that the Declaratory

Judgment Act entitle[d] him to relief" on Count 3. *Id.* Because the Declaratory Judgment

Act "creates a remedy, not rights," we "affirm[ed] the dismissal of Count 3 for that

reason." *Id.*

Accordingly, when Malhan had the opportunity to appeal both the District Court's

dismissal of Count 4 and its conclusion that 42 U.S.C. § 666(a)(10) does not create a

private right of action, he declined to take it. Given the absence of a showing of

extraordinary circumstances,[10] we will not now consider Appellants' arguments that 42

---

[9] Malhan actually stated that the injunction was sought under 42 U.S.C. § 1984, but it is evident from the context and the fact that § 1984 is titled "Omitted" and contains no substantive text that he intended to reference 42 U.S.C. § 1983.

[10] It is true that, in deciding the prior appeal, we noted the District Court used the wrong methodology when it determined 42 U.S.C. §§ 654, 666, and 667 do not provide a private right of action. *Malhan I*, 938 F.3d at 457 n.3. But, contrary to Appellants' contentions, we neither announced a new legal standard nor concluded the District Court's decision that 42 U.S.C. § 666(a)(10) does not provide a private right of action was clearly erroneous. *See id.* In fact, as addressed in the next footnote, the District Court's conclusion was correct. Moreover, as discussed previously, the allegations that Malhan added to the TAC—that the state defendants continued to refuse to review his child support obligations in 2019—did not substantively change the previously dismissed claims. Accordingly, Appellants have failed to identify any extraordinary circumstances

U.S.C. § 666(a)(10) provides either a private right of action or a federal individual right to triennial review enforceable under 42 U.S.C. § 1983. Malhan forfeited those arguments by failing to present them in his prior appeal. *See Skretvedt*, 372 F.3d at 204.[11]

As a result, we will affirm the District Court's dismissal of Malhan's claims for review of his child support obligations.

D.

Appellants contend the District Court erred in dismissing Malhan's retaliation claim. In particular, they assert the District Court improperly relied on judicial immunity when it dismissed the claim. Appellants assert that it was improper for the District Court

---

that would prompt us to consider their waived arguments. *See Pub. Int. Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997); *United States v. Andrews*, 681 F.3d 509, 532 (3d Cir. 2012).

[11] Even if we considered Appellants' arguments on the merits, though, we would still find them unavailing. First, the District Court correctly determined that there is no private right of action under 42 U.S.C. § 666(a)(10). Section 666(a)(10) identifies certain laws and procedures states must have in place in order "to improve child support enforcement effectiveness." *See* 42 U.S.C. § 654(20)(A); 42 U.S.C. § 666(a). Because that provision is directed at the states, and "[s]tatutes that focus on the person [or entity] regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons,'" *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) (citation omitted), there is no private right of action under 42 U.S.C. § 666(a)(10). This conclusion is buttressed by the fact that 42 U.S.C. § 609(a)(8)(A)(i)(III) provides financial penalties if it is determined "that a State failed to substantially comply with 1 or more of the requirements of part D," which includes the triennial review requirement contained in 42 U.S.C. § 666(a)(10). *See Alexander*, 532 U.S. at 290 ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."). Likewise, because 42 U.S.C. § 666(a)(10) is directed at states and is enforced through financial penalties that are imposed when a state is not in substantial compliance with the provision, 42 U.S.C. § 666(a)(10) does not confer a federal individual right that is enforceable under 42 U.S.C. § 1983. *See Blessing v. Freestone*, 520 U.S. 329, 343–44 (1997).

11

to rely on judicial immunity because "judicial officers do not have immunity from [d]eclaratory [r]elief when they as agents of the state violate federal law and seize property," Appellants' Br. 28, and, although Judge Kessler was named as a defendant in the TAC, Judge Kessler "is really just a nominal defendant" because "[t]he $9,231.12 at issue . . . should come out of the New Jersey treasury as a restoration of money illegally seized from Malhan," Appellants' Br. 26–27. Because the District Court properly dismissed Malhan's retaliation claim, we will affirm.

As stated previously, "[a]lmost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' . . . since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Great-West*, 534 U.S. at 210 (citation omitted). Here, although Appellants claim that Malhan seeks declaratory or injunctive relief, it is evident that Malhan's claim is properly considered one for money damages. *See* Appellants' Br. 26 ("[T]he bottom line is that the State of New Jersey sanctioned Malhan $9,231.12 for failing to comply with an illegal order, and New Jersey should be required to return the money."); Appellants' Br. 26–27 ("The $9,231.12 at issue will not come out of former [J]udge Kessler's pocket, it should come out of the New Jersey treasury as a restoration of money illegally seized from Malhan."); Appellants' Br. 27 ("At the end of the day, Malhan simply seeks his $9,231.12 back or seeks credit for $9,231.12.").

Judges are immune from suit under § 1983 "for monetary damages arising from their judicial acts." *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000); *Azubuko*

12

*v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). This holds true even if the action "was in error, was done maliciously, or was in excess of his authority." *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Because Malhan's claim arises from Judge Kessler's order in which he required Malhan to pay Myronova $9,231.12 in counsel fees, Judge Kessler is immune from suit, even if he acted erroneously or out of malice. *See Gallas*, 211 F.3d at 769; *see also Stump*, 435 U.S. at 356. Moreover, to the extent that Malhan's claim actually seeks recovery from the State of New Jersey, the State of New Jersey is immune from suit. *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

Accordingly, the District Court properly dismissed Malhan's retaliation claim.

E.

Appellants argue the District Court erred in dismissing SpaceAge's illegal garnishment claim. In particular, Appellants contend that, even if the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673, does not provide a private right of action, SpaceAge's claim falls squarely within the District Court's equitable jurisdiction to enjoin state officials' violations of federal law.

Appellants did not present this argument to the District Court. "It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) (internal quotation marks and citation omitted). Because exceptional circumstances are not present here, Appellants' argument

13

is waived. That said, at bottom, Appellants' argument is that the state defendants should be enjoined from garnishing Malhan's wages because they seek to garnish more than what is permitted under 15 U.S.C. § 1673. But the income withholding order—which Appellants attached to the TAC—expressly states that SpaceAge "may not withhold more than . . . the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) [15 USC § 1673(b)]." Appellants' App. 92 (brackets in original). Accordingly, Appellants' argument fails on the merits because, contrary to Appellants' assertions, the income withholding order expressly complies with the garnishment limits provided in 15 U.S.C. § 1673(b)(2).[12] We will affirm.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[12] Although Appellants are correct that the income withholding order directs SpaceAge to withhold $7,000 from Malhan's income each month, it is evident that the $7,000 number is a ceiling on the amount that should be withheld. If, as Appellants allege is the case here, $7,000 exceeds the amount that lawfully may be withheld under 15 U.S.C. § 1673(b), then the income withholding order expressly directs SpaceAge to withhold no more than the amount permitted by that statute.